## GOETZMANN v. CONNECTICUT MUTUAL LIFE INS. CO.

*Insurance — Life policy — condition in — death "in consequence of violation of law."*

A life insurance policy contained a provision rendering it void if the insured should die "in consequence of his violation of any law." The insured was killed by H., shortly after having had illicit intercourse with the wife of H. *Held*, that even if the act of the insured was a violation of the law, he did not die in consequence of it within the meaning of the policy, and the policy was not avoided thereby.

MOTION by plaintiff for a new trial upon a case and exceptions ordered to be heard in the first instance at the general term.

The action was brought by Elizabeth Goetzmann, administratrix, etc., of Jacob Goetzmann, deceased, upon an insurance policy issued by the defendant upon the life of said Jacob Goetzmann. This policy contained a provision that if the insured should die by suicide or in consequence of his violation of any law, then and in such case said policy should become null and void. The insured was shot and killed by one John Hesler, just after he had had illicit intercourse with Hesler's wife.

At the trial the court charged as follows: "It is a violation of law for a man to interfere with the most sacred relations we have in social life, and when he undertakes to commit adultery with the wife of his neighbor, he has violated the law; and if the death he suffers grows out of that fact, then the policy is forfeited." * * Whether Hesler saw him or not is not absolutely material in this case, if he saw him in the act of adultery, or under such circumstances as was satisfactory evidence to him that he had committed adultery; then he had a right to shoot him, if he did it directly after the offense — not exactly the right; but the law is careful of the feelings of individuals in that regard, and has so much respect for the natural impulses of a man who is placed under circumstances of that kind, that it says he does not commit murder; so that while the commission of that act is fresh, and he shoots a person under circumstances that satisfy him that the act has been committed. * * * If he was actually doing the illegal act, and the death resulted as a consequence of that act, then the plaintiff is not entitled to recover in this case."

To these portions of the charge plaintiff excepted.

*J. C. Cochrane* and *Wm. M. Bates,* for plaintiff.

*Pratt & Brown,* for defendant, cited 2. Bush. Cr. Law, § 708; *State* v. *Johnston,* 8 Ired. 381; *State* v. *Samuel,* 3 Jones (N. C.), 74; 2 Whart. Cr. Law, § 389; *State* v. *Will,* 1 Dev. & Bat. 121, 169.

GILBERT, J. The learned justice at the circuit certainly gave to the jury an erroneous exposition of the law of homicide as the same is administered in this State. But we need not stop to discuss that subject. The case comes before us upon exceptions taken by the plaintiff at the trial.

At the close of the testimony the plaintiff moved in effect that the court direct a verdict in her favor. We think that motion should have been granted.

The condition of the policy is that " if the assured shall die by suicide, or *in consequence of his violation of any law,*" the policy shall be void. Assuming that the act of adultery was a violation of law, within the meaning of the parties to the contract of insurance, we are of opinion that the assured did not die in consequence of it. The undisputed facts show that he was killed, not in the act of adultery, nor in the defense of person or property. The offense had been completed, and the assured was about to go away. He was not, therefore, at the time he was killed, violating any law, or even committing a trespass, for he was in the house, by the license of the wife, from whom the husband had separated.

Our law plainly denounces an act like that perpetrated by Hesler as a crime, and we can conceive of no principle upon which it could properly be treated in a court of justice as a natural or legitimate effect of the cause stated. It would be more reasonable to conclude from the evidence that Hesler assassinated the assured in cold blood, lying in wait for that purpose, and that he was actuated by jealousy, or a wish for revenge. The fact that the interval between the injury and the killing was short, is not, in this instance, material. If the assured had been killed a week or a year after the injury for the same cause, it would have been quite as direct a result thereof as when it was done. In short, the proposition that a man who has been thus wantonly killed by another, without necessity or lawful excuse, died in consequence of his own act, is logically contradictory, unless it be admitted that the killing of an adulterer follows his offense in the ordinary sequence of events. That admission we are not prepared to make.

Goetzmann v. Connecticut Mutual Life Insurance Co.

If, however, it was proper to submit the case to the jury, we are of opinion that the charge of the learned judge was erroneous, and that the exceptions, although not as precise and as specific as they should have been, are sufficient to bring the subject before us.

The jury were told that if Hesler killed the assured because *he had committed* the act of adultery, it was not murder, and they might properly have inferred, and probably did infer from the language of the judge, that such killing was excusable if not justifiable. They were also instructed that if they could find no other reason for Hesler's shooting the assured except his understanding that the assured *had committed* adultery with his wife, then the defendant was entitled to a verdict.

This was equivalent to a positive direction to find a verdict for the defendant, for there was not even a pretext, much less any evidence, of any other excuse for the killing. The motive and intent of Hesler, in doing the act, were practically withdrawn from the consideration of the jury, by the statement that the killing was not criminal, and they were permitted to find a verdict for the defendant, notwithstanding the killing was on account of a past injury. We must dissent from all this. The inference that Hesler killed the assured, not under an impulse produced by an adequate provocation, but merely to revenge himself for what the latter had done, is a reasonable, if not a necessary one, from the evidence, and unless the circumstances attending the transaction were such as to justify a reduction of the crime below the grade of murder, the case was not within the condition of the policy. It was, therefore, to say the least, the duty of the judge to submit to the jury the question whether Hesler fired the pistol with intent to kill, or whether the killing was in the heat of passion, caused by the act of adultery, and to instruct them that if they should find the former to have been the case, the defense failed. *Bradley* v. *Mut. Ben. Life Ins. Co.*, 45 N. Y. 422, 429, and cases cited.

For the reasons stated, the exceptions must be allowed, and a new trial must be granted, with costs to abide the event.

*New trial granted.*